JENNINGS & CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22134.  Promulgated November 19, 1930.

*Charles E. McCulloch, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

OPINION.

Arundell: Petitioner's claim is that the sum of $42,600 agreed upon in the instrument modifying the lease was prepaid rent, and, as its books were kept on the accrual basis, that amount should be spread over the period for which it was paid.

The agreement between petitioner and its lessee modifying the lease, under which the $42,600 was paid, we think plainly precludes that sum from the category of rent. Under the original lease the lessee was restricted in its use of the demised premises; it wanted to be rid of the restrictions and was willing to pay for the riddance. This was accomplished by means of the agreement of modification, whereupon the lessee paid the sum stipulated therein. That the amount paid was not a part of the aggregate rent is shown by the wording of the agreement itself, wherein it is provided that the " $42,600 is fully earned by said lessor upon its execution of this

agreement." This provision would prevent the lessee from recovering any part of the $42,600 as prepaid rent in the event of breach of the lease by the lessor.

It is true as pointed out by petitioner that the aggregate, paid and to be paid under the modification agreement was approximately the same (there being a difference of $36) as the aggregate rent provided for under the original lease. This, however, is the result of that provision in the modification agreement reducing the monthly rental for the balance of the term and does not serve to characterize as rental the $42,600 which was specifically paid for the execution of the agreement of December 9, 1921, and was agreed by the parties to be fully earned at that time. In our opinion the $42,600 was properly included in income for 1921.

Petitioner's alternative claim to special assessment is made on the ground that if the $42,600 is included in 1921 income it will result in an abnormality in income for that year. The only evidence directed to this point consisted of the testimony of petitioner's secretary to the effect that petitioner's ordinary net income was about $13,000; that the gross rentals reported for 1921 amounted to $76,046.25; and that up until 1921 petitioner was leasing no property other than that here involved. This is obviously insufficient to establish that there was any abnormality in income for 1921.

*Decision will be entered for the respondent.*